State v. Robertson.

CITED *in State* v. *Robertson*, 4 *Zab.* 506 ; *State* v. *City of Elizabeth*, 4 *Dutch.* 110 ; *State* v. *Hancock*, 6 *Vr.* 545.

---

THE STATE v. ROBERTSON, COLLECTOR OF PRINCETON.

The taxes authorized to be levied by the charter of the borough of Princeton, passed in 1822, and its supplement of 1847, are not affected by or subject to the exemptions in the general tax act subsequently passed, and the property of the College of New Jersey within the borough, is not exempt from taxes assessed under the charter of the borough of Princeton.

This was a *certiorari* sued out by the College of New Jersey, to reverse an assessment made upon their property in the borough of Princeton, under an ordinance of the common council, by the authority given to them in the borough charter, which did not exempt the property of colleges. The only question raised, was whether the property of the college was not exempt from borough taxes by virtue of the

exemption in the tax act of 1851, in force at the assessment of this tax.

Argued before OGDEN and HAINES, J. J., at February term, and decided at June term, 1854.

HAINES, J. The question presented in this case, is whether the corporation of the borough of Princeton has authority to tax certain houses and lots, the property of the trustees of the College of New Jersey, lying within the territorial limits of the corporation.

By the charter granted November 27, 1822, the inhabitants of the borough of Princeton were authorized at their annual town meetings to vote for such sum of money as they might think necessary to be raised for the ensuing year, for the exigencies of the said borough to be assessed upon the inhabitants, agreeably to the laws and regulations to be made by the common council for the purpose; and to be collected and disposed of in such manner as the common council should direct, with authority for any person thinking himself aggrieved by the assessment, to appeal to the common council.

By a supplement to the act of incorporation, approved March 4, 1847, this power was confirmed, and authority was also given to the common council to order and cause to be assessed and raised by tax, from year to year, such sum or sums of money not exceeding two hundred dollars, as they should deem expedient for defraying the expenses of lighting the streets, regulating, paving, flagging, and graveling the same; for maintaining the poor, schooling poor children, for defraying the contingent expenses of the borough, and all other objects and purposes authorized by the act.

The power thus given to the borough to raise money, is not questioned, but it is insisted that the houses and lots of the college are within the exemption of the act of 14th March, 1851, which is a supplement to the "act concerning taxes," and that therefore, they are exempt from the borough taxation.

If the assessments were made under the act of 1851, then upon the authority of the case of the *State* v. *Ross*, decided at this term, the property is exempt; but if not assessed under that act, it is not exempt.

Taxes assessed under the act of 1851 are for the general purposes of the township and county, and are to be assessed according to the directions of that act, and collected in the manner prescribed by the act to which it is a supplement.

The tax assessed by the authority of the borough, was for its exigencies, under its act of incorporation and the supplements thereto, and assessed and collected in such manner as the corporation should direct.

The act of 1851 directs a particular mode of assessment, and the act to which it is a supplement a particular mode of collecting, while the ordinance of the corporation directs an entirely different mode of assessment and collection. The appeal in the one case is given to the commissioners of appeal, in the other to the common council. The assessment in this case, therefore, cannot be under the general act.

The assessment levied by the borough was, moreover, for the improvement of the city, and the convenience and comfort of its inhabitants, and the expenses incident to the management of its affairs. It is not a burden or tax within the meaning of the exemption.

In the case of the *President and Council* v. *the Society for Establishing Useful Manufactures*, decided at the term of February last, this court held that an assessment by the corporation of the city of Paterson against the society, for paving the gutters, and curbing and graveling the sidewalks along and in front of their lots, was not a tax or charge within meaning of that clause of the charter of the society, which exempts them from "taxes, charges and impositions, other than taxes for the use of the state." The same principle is held in matter of *Mayor* v. *New York*, 11 *Johnson R.* 80.

It is not to be conceived that although the houses and lots of the trustees of the college, used for the objects of the corporation, are exempted from taxation for the general use

and purposes of the township, county or state, they are also to be relieved from the charge of a fair proportion of the expenses of improving the city and increasing the value of their property, and promoting the comfort and convenience of its occupants.

The assessment in this case is, therefore, lawful and just, and must be affirmed.

OGDEN, J., concurred.